Curia, -per Johnston, Ch.
This appeal has not been insisted on, except so far as it renews, before us, the first exception to the commissioner’s report. It may be proper to explain the circumstances applicable to this exception.
James W. Cantey and Henry T. Cantey, (plaintiffs testator, the latter being surety,) executed their joint and several bond to the defendant, Blair, for the sum of $3,337,50 ; and, subsequently, James W. Cantey, alone, gave the said Blair his bond for the further sum of $1885. The consideration of these bonds was money loaned by Blair to the said James W. Cantey.
After the death of Henry T. Cantey, Blair brought suit against *47 the plaintiff, as his executor, on the bond first mentioned, and recovered a judgment for the full amount of said bond, with interest. The plaintiff, having subsequently discovered that the bond was usurious, filed this bill, to be relieved from the judgment, upon payment of the sum really loaned, with lawful interest; and to be allowed the benefit of payments which had been made by James W. Cantey, the principal debtor.
At the hearing of the cause, James W. Cantey was admitted as a witness to prove the usury and the payments made by him to Blair. 1 Rich. Eq. 41.
Upon appeal, this court held him incompetent, on the authority of Endicott vs. Gillam. A joint and several note had been given to Endicott by Briggs and Gillam, (Gillam being surety,) upon which they were sued separately. On the trial, Gillam was offered as a witness for Briggs, and Briggs as a witness for Gillam. They were both rejected ; and, upon appeal, it was held that Gillam was a good witness for Briggs, because Briggs, being the principal in the note, could have no recourse to Gil-lam, his surety, for the amount that might be recovered against him; and therefore Gillam had no interest in diminishing the amount of the recovery; but that Briggs was incompetent as a witness for Gillam, because as Gillam could recover over from him only the amount which he would be compelled to pay by virtue of the judgment to be rendered against him as surety, it followed that Briggs had an interest to diminish that judgment by his testimony.
■ It was also ruled, upon the appeal, in the present cause, that “the answer of the defendant, - Blair, was conclusive as to the payments made to him by James W. Cantey, and their application, on the ground, that it did not appear that the plaintiff might not, with due diligence, have obtained evidence of the fact of payment, and availed himself of it, on the trial at law.”
Under these opinions, expressed by the Appeal Court, the cause came before the commissioner, to take the accounts ; and James W. Cantey was again offered as a witness, to prove that the bond of $1885, given by himself, and upon which he had made payments, was usurious. The commissioner rejected'him; and the exception, we are now considering, insists that he was competent for the purposes for which he was offered as a witness.
This is manifestly an attempt to renew a.point already decided, and is to be discouraged, because such a practice tends to *48 burden the parties with costs, and, if indulged, would render litigation endless.
The object of the evidence, manifestly, was to transfer the payments, which had been made on the bond for $1885, to the bond for $3,337,50. This was to be effected by proving that the smaller bond was usurious, and therefore not entitled to the payments which had been made on it. That is to say, payments upon the larger bond, beyond those admitted in Blair’s answer, were to be established by indirect proof, in opposition to the decree that the answer was conclusive, and that no proof, direct or indirect, should be received contrary to it; and James W. Cantey was, by indirection, to reduce the amount of his surety’s liability, for which he was liable over to the surety, when it had been expressly ruled that he could not do so directly.
There is another consideration just as conclusive against the appeal. Supposing the smaller bond to be wholly usurious, the plaintiff's testator was no party to it. It was given by James W. Cantey alone; and, if he chose to pay it off, what interest has the plaintiff in that matter l — what right to question the payment 1
It is ordered that the decree be affirmed, and the appeal dismissed.
JohnsoN and Dunkin, CC. concurred.